IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

```
JONATHAN VASQUEZ,           )
                            )
        Plaintiff,          )
                            )
    v.                      )   CV 106-48
                            )
SHERIFF'S DEPARTMENT et al.,)
                            )
        Defendants.         )
```

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2006 JUN 13 AM 8:21
CLERK _____
SO. DIST. OF GA.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed a complaint under Title 42, United States Code, Section 1983 on March 30, 2006. He also filed a motion to proceed *in forma pauperis* ("IFP"), which the Court has granted in a separate Order. While pleadings drafted by pro se litigants are construed liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

In his complaint, one of six plaintiff filed between January 27, 2006, and April 5, 2006,[1] plaintiff recounts separate occasions when defendants have verbally assaulted him.

---

[1] Three of those complaints have been dismissed as frivolous by the District Judge, and the Court has recommended that the other two be dismissed as frivolous. See Vasquez v. Georgia, CV106-49 (S.D. Ga. May 9, 2006) (detailing plaintiff's recent filing history). As the Eleventh Circuit recognized in Bilal v. Driver, 251 F.3d 1346, 1350 (11th Cir. 2001), a court may consider a plaintiff's recent litigation history in making a frivolity determination.

He also makes a nonspecific allegation that defendants discriminated against him.

Relief under Section 1983 generally requires that a plaintiff show a physical injury or imminent threat of a physical injury; a plaintiff may not recover under Section 1983 for mental or emotional injury. 42 U.S.C. 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); see Vinyard v. Wilson, 311 F.3d 1340, 1348 n.13 (11th Cir. 2002) (listing decisions involving de minimis injury). Plaintiff in this case has not alleged an injury of a constitutional magnitude resulting from defendants' behavior.

Regarding plaintiff's claim of discrimination, he has failed to set forth factual allegations to support his claim, and he therefore has not provided the short and plain statement of facts supporting his claim required under Rule 8(a) of the Federal Rules of Civil Procedure. While a court may allow a party to amend his complaint to correct a pleading deficiency, leave to amend may be denied where a court determines that an amendment would be futile. Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-63 (11th Cir. 2004).

The Court does not find that granting plaintiff leave to amend his complaint would be appropriate in this case. Accordingly, the Court recommends that plaintiff's complaint be **DISMISSED** for failure to state a claim on which relief may be granted.

SO REPORTED AND RECOMMENDED on this 13th day of June, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE